IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1249-D

R.J. CORMAN RAILROAD )
COMPANY / CAROLINA LINES, )
)
Plaintiff, )
)
v. ) **ORDER**
)
GLOBAL BIO RESOURCES, INC. )
)
Defendant. )

On September 6, 2023, R.J. Corman Railroad Company / Carolina Lines, LLC ("Carolina Lines" or "plaintiff") filed a complaint against Global Bio Resources, Inc. ("GBR" or "defendant") alleging three claims for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), concerning a March 2022 settlement agreement in which the parties agreed to dismiss a related state action between the parties in Columbus County Superior Court [D.E. 1]. On March 29, 2024, Carolina Lines moved to amend its complaint [D.E. 18] and filed a memorandum in support [D.E. 19]. On April 19, 2024, GBR moved to stay this action [D.E. 21]. That same day, GBR filed a memorandum in support of its motion to stay and in opposition to Carolina Lines's motion to amend [D.E. 22]. On May 3, 2024, Carolina Lines replied in support of its motion to amend [D.E. 25]. On May 10, 2024, Carolina Lines responded in opposition to GBR's motion to stay [D.E. 26].

On July 16, 2024, Columbus County Superior Court granted GBR's motions, declared the March 2022 settlement agreement null and void, set aside the dismissal, and issued a trial scheduling notice in the related state action [D.E. 30-1, 30-2]. On July 22, 2024, Carolina Lines

appealed to the North Carolina Court of Appeals [D.E. 30-3]. The appeal remains pending. As explained below, the court denies as moot GBR's motion to stay, denies as moot Carolina Lines's motion to amend, and dismisses the action without prejudice.

I.

Carolina Lines is a short-line rail operator that owns a rail yard in Whiteville, North Carolina (the "property"). See Compl. [D.E. 1] ¶ 6. In 2018, Carolina Lines and GBR began negotiations for GBR to purchase the property. See id. at ¶ 7. On May 10, 2018, the parties signed a Letter of Intent ("LOI"), which contemplated executing a more definite agreement and listed terms the parties intended to negotiate and include in a final agreement. See [D.E. 26] 5; [D.E. 26-4].

The LOI required GBR to present proof of financing "in a form deemed reasonably acceptable by Carolina Lines." [D.E. 26-4] ¶ 6; [D.E. 26] 4. On June 14, 2018, Carolina Lines terminated the LOI after determining GBR failed to provide sufficient proof of financing. See [D.E. 26] 4; [D.E. 26-10].

After more failed attempts to finalize an agreement, GBR threatened litigation. See [D.E. 26] 5. In response, Carolina Lines sued GBR in Kentucky and North Carolina, seeking a declaration that it did not have to sell the property. The North Carolina state action was R.J. Corman Railroad Company/Carolina Lines, LLC v. Global Bio Resources, Inc., No. 18-CVS-1167, in Columbus County Superior Court (the "North Carolina state action"). See Compl. ¶ 8.

During the North Carolina state action, an intra-corporate dispute arose within GBR. See [D.E. 26] 5. Two factions of executives and board members (i.e., the Cantrell faction and the Wardian faction) fought to control GBR, with each side disputing the relevant shareholders eligible to elect board members. See id. at 5, 7; [D.E. 26-15]; Global Bio Resources, Inc. v. Cantrell, et

2

al., No. 2022-CV-200315 (Laramie Cnty. Dist. Ct.). Eventually, the GBR shareholder dispute reached the United States District Court for the District of Wyoming.

As part of this intra-corporate dispute, the GBR factions filed motions to disqualify the attorneys in the North Carolina state action. See [D.E. 22-8] 2. On March 14, 2022, Columbus County Superior Court held a hearing on these motions. See [D.E. 26-12].[1] The court discussed with the attorneys (1) the potential for issuing a stay in the North Carolina state action pending resolution of the GBR corporate control dispute in federal court in Wyoming, and (2) the likelihood that Carolina Lines could reach a settlement agreement with the Cantrell faction. See id. at 19–22. At the end of the hearing, the court stated: (1) it was "going to stay these proceedings pending a resolution of the constituency by decree in Wyoming or otherwise," but that "an order is entered when it is reduced . . . to writing and filed with the Clerk"; and (2) Carolina Lines and "the Cantrell faction" had until 5:00 p.m. on March 15, 2022, to reach an agreement that would permit a joint stipulation of dismissal in the North Carolina state action. See id. at 22.

On March 15, 2022, Carolina Lines and the Cantrell faction reached a settlement agreement and filed a joint stipulation of dismissal without prejudice in the North Carolina state action. See [D.E. 26-2]. The settlement agreement required simultaneous execution of numerous related transactions and required the Cantrell faction to obtain a final, favorable judgment in the Wyoming federal lawsuit resolving the GBR shareholder dispute. See [D.E. 26] 7; Compl. ¶¶ 11–25.

---

[1] The hearing transcript is erroneously labeled as being held before Magistrate Judge Robert B. Jones, Jr. in the United States District Court for the Eastern District of North Carolina. See [D.E. 26-12] 1. The hearing was held before Judge George F. Jones in Columbus County Superior Court. See id. at 2; [D.E. 22-8] 13.

3

On July 26, 2023, the GBR factions settled the shareholder dispute in Wyoming federal court and filed a joint motion to dismiss with prejudice in Wyoming federal court, which the court granted. See Compl. ¶¶ 26–28. The order and settlement in Wyoming federal court stipulated that the Cantrell faction waived all claims to be GBR shareholders, directors, or managers. See id. at ¶ 27. Thus, the Wardian faction gained control of GBR. See id.

Resolving the shareholder dispute in Wyoming did not resolve the North Carolina state action. On September 6, 2023, Carolina Lines filed this federal action seeking declaratory judgment on three claims: (1) "GBR materially breached certain representations and warranties in the Settlement Agreement," (2) "[Carolina Lines] is under no obligation to close under the Settlement Agreement and is entitled to terminate the Settlement Agreement," and (3) "the Settlement Agreement is null and void." Id. at ¶¶ 32–51. After Carolina Lines filed this action, Carolina Lines and GBR spent several months exploring how to resolve their dispute. See [D.E. 26] 8–9. During those discussions, Carolina Lines learned that the Columbus County Superior Court entered a stay order on April 14, 2022, in the North Carolina state action. See id. at 9. Carolina Lines responded that the stay order was erroneous and that the March 15, 2022 joint stipulation of dismissal terminated the North Carolina state action. See id. n.5. GBR replied that the March 15, 2022 joint stipulation of dismissal was not effective because the Cantrell faction lacked authority to enter the settlement agreement. See [D.E. 22] 8.

On March 29, 2024, Carolina Lines moved to amend its complaint in this federal action. See [D.E. 18]. Carolina Lines seeks to add claims for (1) declaratory judgment that Carolina Lines has no contractual obligations (under the LOI or later agreements) to sell the property to GBR, (2) fraudulent misrepresentation, and (3) unfair and deceptive trade practices. See [D.E. 18-10]. In the proposed amended complaint, Carolina Lines continues to seek a declaratory judgment that

4

GBR materially breached the March 2022 settlement agreement and that the March 2022 settlement agreement is null and void. See id.

When GBR filed its motion to stay this federal action, it had also filed motions in Columbus County Superior Court to lift the stay and vacate the joint stipulation of dismissal in the North Carolina state action. See [D.E. 22-1]. GBR asked this court to stay this federal action until the Columbus County Superior Court resolved its motions. See [D.E. 21] 6.

On July 16, 2024, Columbus County Superior Court granted GBR's motions and held that the March 2022 settlement agreement between Carolina Lines and the GBR "is unenforceable and null and void." [D.E. 30-1] 11. The Columbus County Superior Court set aside the dismissal, lifted the stay, and set the matter for trial. See id. at 13; [D.E. 30-2]. Carolina Lines appealed to the North Carolina Court of Appeals. See [D.E. 30-3]. The appeal remains pending.

II.

Carolina Lines seeks leave to amend its complaint, and GBR requests a stay. See [D.E. 18, 21]. Carolina Lines and GBR briefed, among other things, state abatement rules, federal abstention doctrines, and Federal Rule of Civil Procedure 15. See [D.E. 19, 22, 25, 26]. Briefing in this action, however, concluded before the Columbus County Superior Court issued its order on July 16, 2024. See [D.E. 30-1]. That order declared the March 2022 settlement agreement null and void, set aside the dismissal in the North Carolina state action, and lifted the related stay. See id. In light of that order, the court must determine whether Carolina Lines's claims in this action are moot.

A court must independently "determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). "[T]he pendency of an action in the state court is no bar to proceedings concerning the same matter

5

in the Federal court having jurisdiction." McClellan v. Carland, 217 U.S. 268, 282 (1910); see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813–14 (1976). For a federal court to exercise jurisdiction, however, an "actual controversy must exist at all stages of review rather than only at the time of the filing of the complaint." Jones v. Poindexter, 903 F.2d 1006, 1009 (4th Cir. 1990); see S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs, 789 F.3d 475, 482 (4th Cir. 2015).

The Declaratory Judgment Act permits a court to declare rights not yet determined, but does not permit a court to determine whether rights previously adjudicated have been properly adjudicated. See, e.g., Hurley v. Lindsay, 207 F.2d 410, 411 (4th Cir. 1953) (per curiam); Edwards v. Santander Consumer USA, Inc., No. 5:10-CV-424-D, 2011 WL 2457498, at *5 (E.D.N.C. June 15, 2011) (unpublished). The court must give full faith and credit to state court judgments, even when they arise during litigation. See San Remo Hotel, L.P. v. City & Cnty. of San Francisco, 545 U.S. 323, 336 (2005); In re Genesys Data Techs., Inc., 204 F.3d 124, 127 (4th Cir. 2000). Furthermore, a district court lacks the "power to grant declaratory relief unless [an actual] controversy exists." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 272 (1941); see Edwards, 2011 WL 2457498, at *5. A district court may not grant declaratory relief on a moot claim. See, e.g., Nestler v. Bd. of L. Exam'rs of the State of N.C., 611 F.2d 1380, 1382 (4th Cir. 1980). When all underlying claims become moot, a court "must" dismiss the action. Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 14 F.4th 322, 326 (4th Cir. 2021); see Cont'l Cas. Co. v. Fuscardo, 35 F.3d 963, 967 n.3 (4th Cir. 1994).

In its complaint, Carolina Lines asserts three declaratory judgment claims concerning the March 2022 settlement agreement. See Compl. ¶¶ 32–51. On July 16, 2024, the Columbus County Superior Court declared the March 2022 settlement agreement "unenforceable and null and void."

6

[D.E. 30-1] 11. With its rights under the March 2022 settlement agreement adjudicated, Carolina Lines's declaratory judgment claims are now moot. See, e.g., Hurley, 207 F.2d at 411; Nestler, 611 F.2d at 1382; Edwards, 2011 WL 2457498, at *5. Accordingly, the court denies as moot GBR's motion to stay.

Carolina Lines seeks to amend its complaint and add claims for (1) a declaratory judgment that Carolina Lines has no contractual obligation to sell the property to GBR, (2) fraudulent misrepresentation, and (3) unfair and deceptive trade practices. See [D.E. 18-10] 16–19. Carolina Lines, however, premised its complaint entirely on three now-moot declaratory judgment claims. See [D.E. 1]; [D.E. 30-1]. Carolina Lines cannot "breathe new life" into its mooted claims by seeking leave to add new claims. Hirschfeld, 14 F.4th at 326; see Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 72–75 (2013); S.C. Coastal, 789 F.3d at 484.[2] Accordingly, the court denies as moot Carolina Lines's motion to amend.

III.

In sum, the court DENIES as moot plaintiff's motion to amend [D.E. 18], DENIES as moot defendant's motion to stay [D.E. 21], and DISMISSES the action WITHOUT PREJUDICE. The clerk SHALL close the case.

SO ORDERED. This 16 day of October, 2024.

JAMES C. DEVER III
United States District Judge

---

[2] Carolina Lines seems to suggest that GBR consented to an amended complaint under Rule 15 before the entry of the state court judgment. See [D.E. 18] 2. In that same motion, however, Carolina Lines acknowledges that when it sought leave to amend its complaint, GBR did not consent. Id. at 3.

7